J-S22021-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA

            Appellee      :

                       :

            v.             :

                       :

ANTHONY J. KUSHMANICK, IV,     :

                       :

            Appellant     :     No.  1062 MDA 2015

Appeal from the Judgment of Sentence December 17, 2014
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000456-2014

BEFORE:     MUNDY, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED JULY 20, 2016**

Anthony J. Kushmanick, IV (Appellant) appeals from the judgment of sentence imposed following his convictions for two counts of sexual abuse of children. Because the Commonwealth offered insufficient evidence to sustain his convictions, we vacate Appellant's judgment of sentence and discharge him.

The trial court summarized the background underlying this matter as follows.

> In the early spring of 2013, [Appellant] began dating S.C. At the time he was 18-19 years old. In the beginning of their relationship, S.C. was only 16 years of age. S.C. had informed [Appellant] that she was only 16 years old. On May 9, 2013, S.C. turned 17 years old. S.C.'s mother, stepfather, brother, sister and [Appellant] celebrated her 17th birthday at Benihana's in Harrisburg.
>
> [Appellant] lived one block away from S.C. He lived with his grandmother, mother and sister. During the period of time

*Retired Senior Judge assigned to the Superior Court.

when the couple was dating, [Appellant] would visit S.C.'s home about five times per week. When S.C. visited [Appellant] at his residence, they would spend their time in the basement where his bedroom was located. [Appellant] would use his cell phone to take pictures of them.

At trial, S.C. identified pictures of herself, even though her face was not visible. She knew these pictures were of her because she recognized pieces of underwear that were depicted on them. She also recognized the blankets and sheets as being from the bedroom of [Appellant.] S.C. testified that these pictures were taken during the time that she and [Appellant] were dating. S.C. further identified [Appellant] in the pictures and stated that she was aware that the photographs were being taken. When the relationship ended between the parties, S.C. asked [Appellant] to delete the photographs from his cell phone.

S.C.'s mother, [Mother], also testified. She confirmed that her daughter had been dating [Appellant] in the early summer of 2013 when her daughter was 16-17 years old. Because of her daughter's age, [Mother] imposed a 10:00 p.m. curfew which was known by [Appellant].

Officer Terry Katzman was employed by the Millcreek Township Police Department for approximately 8 years. He has been a member of law enforcement for a total of 16 years. On December 30, 2013, he came into possession of [Appellant]'s phone as a result of an unrelated investigation. He obtained a search warrant to view the contents of [Appellant]'s cell phone. He was able to confirm that [Appellant] was the owner of the cell phone. Upon review of the contents of the cell phone, Officer Katzman identified various pictures of S.C. in various stages of dress and undress. Officer Katzman contacted [Mother] to review some photographs. [Mother] identified the photographs as those being of her daughter. At the time the photographs were taken, S.C. was under the age of 18.

Officer Katzman then turned over the cell phone to Detective Michael Dipalo for further analysis. During trial, a stipulation was entered with respect to Det. Dipalo. In summary, the stipulation stated as follows:

- 2 -

(1) Det. Dipalo was employed by the Lebanon County Detective Bureau.

(2) Det. Dipalo had received custody of [Appellant]'s cell phone.

(3) Det. Dipalo conducted a forensic evaluation of the cell phone.

(4) Photographs were recovered from the cell phone.

(5) Det. Dipalo was able to determine that the photos were taken between May 18 and July 3, 2013.

(6) Det. Dipalo did not alter the photographs.

(7) Det. Dipalo maintained custody of [Appellant]'s cell phone from December 31, 2013 until January 1, 2014.

The photographs on [Appellant]'s phone were presented to the jury at trial. The photographs depicted S.C. naked in a blatantly sexual way. However, the photographs also graphically establish that S.C. was a willing and voluntary model.

[Appellant] also testified at trial. He stated that he began dating S.C. in May of 2013 when he was 19 years old. He stated that they began dating approximately one week before S.C. turned 17. At some point their relationship became sexual. [Appellant] used his cell phone to take pictures of S.C. S.C. consented to the picture-taking. [Appellant] showed the pictures to S.C., but to no one else. The pictures were meant to be a private thing between S.C. and [Appellant] were not taken to embarrass either one of them.

Based upon the above information, [on August 5, 2014, a] jury found [Appellant] guilty of creating and possessing child pornography under 18 Pa.C.S.[] § 6312.

Trial Court Opinion, 5/18/15, at 5-8 (citations and footnote omitted).

On December 17, 2014, Appellant was sentenced to 18 months of probation. The trial court also determined that Appellant was not a sexually

violent predator. Appellant was classified as a Tier III offender pursuant to 42 Pa.C.S. § 9799.23 and thus subject to the lifetime registration requirement. Appellant timely filed post-sentence motions, which the trial court granted in part and denied in part.[1] This appeal followed.

On appeal, Appellant presents the following issues for our review.

1. Did the Commonwealth fail to present sufficient evidence at trial to prove beyond a reasonable doubt that [Appellant] was guilty of the sexual abuse of children charges?

2. Was the jury's verdict against the weight of the evidence?

Appellant's Brief at 4.

In his first issue, Appellant argues that the evidence is insufficient to support his convictions because he, a 19-year-old at the time, took photographs of his then 17-year-old girlfriend that, although sexual in nature, were consensual and not disseminated elsewhere. In essence, Appellant argues that this is not the type of conduct the legislature intended to criminalize.

> Our standard of review for challenges to the sufficiency of the evidence is well-settled:
>
> > [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may

---

[1] Specifically, the trial court denied Appellant's claims challenging the sufficiency and the weight of the evidence. The trial court granted relief with respect to Appellant's lifetime registration requirement and imposed a 25-year registration requirement.

not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Eichler*, 133 A.3d 775, 787 (Pa. Super. 2016).

The crime of sexual abuse of children is defined, in relevant part, as follows.

**§ 6312. Sexual abuse of children**

***

**(b) Photographing, videotaping, depicting on computer or filming sexual acts.--**

(1) Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act commits an offense if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed.

(2) Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

**\*\*\***

**(d) Child pornography.--**Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in

a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S. § 6312(b), (d).

Upon review, we agree with Appellant that the conduct at issue herein is not of the type which the legislature intended to punish. "The purpose of Section 6312 is plainly to protect children, end the abuse and exploitation of children, and eradicate the production and supply of child pornography." ***Commonwealth v. Baker***, 24 A.3d 1006, 1036 (Pa. Super. 2011). The facts of this case do not establish abuse or exploitation of S.C., or that Appellant's actions led to the supply of child pornography.[2] Here, Appellant and S.C. were permitted by law to engage in sexual activity. Thus, the acts depicted in the photography on Appellant's phone were not "prohibited sexual acts" between these parties. In view of these circumstances, and the maxim "*Cessante ratione legis cessat et ipsa lex*,"[3] we conclude that the reasons behind subsections 6312(b) and (d) are inapplicable to the photography in this case. Therefore, we hold that the evidence was

---

[2] Indeed, the only record evidence of dissemination of the pornography at issue is the Commonwealth's production of it at trial.

[3] "When the reason of the law ceases, the law itself also ceases." Black's Law Dictionary at 1708 (8th ed. 2004).

insufficient to support Appellant's convictions. Accordingly, we reverse Appellant's convictions.[4]

Judgment of sentence vacated. Appellant is discharged.

Judge Dubow joins.

Judge Mundy files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016

---

[4] Based on our disposition above, we need not reach Appellant's second issue.